UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **CAROL ANN HENNIS** | **CASE NO. 1:24-CV-00591** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KROGER CO** | **MAGISTRATE JUDGE PEREZ-MONTES** |

**MEMORANDUM ORDER**

Before the Court is a Motion for Summary Judgment [Doc. No. 16] filed by Defendant, The Kroger Company ("Kroger"), and a Motion to Strike [Doc. No. 21] filed by the Plaintiff, Carol Ann Hennis ("Hennis"). Both motions have been fully briefed.

For the reasons set forth herein, Kroger's Motion for Summary Judgment is **DENIED** and Hennis' Motion to Strike is **DENIED AS MOOT**.

**I.  BACKGROUND**

Hennis fell after exiting the Kroger store in Alexandria, Louisiana.[1] Hennis alleges that while she was walking toward her vehicle on a painted, designated crosswalk,[2] two Kroger employees were pushing trains of shopping carts toward the crosswalk.[3] Hennis further alleges that one of the employees failed to yield and pushed shopping carts directly in front of Hennis, which required Hennis to take evasive action and fall.[4] Hennis alleges that the fall caused her injuries.[5]

---

[1] [Doc. No. 27 at 4].
[2] [Id.].
[3] [Id.].
[4] [Id. at 5–6].
[5] [Id. at 7].

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster*, 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment ... by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir .1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

## III. ANALYSIS

Kroger's Motion for Summary Judgment alleges that Kroger did not create an unreasonable risk of harm and therefore Kroger is entitled to summary judgment.[6] Kroger cites cases holding that stationary shopping carts do not create an unreasonable risk of harm.[7] However, evidence

---

[6] [Doc. No. 16 at 1].
[7] [Doc. No. 16-1 at 5–6].

provided in opposition to the Motion show that the shopping carts in this case were not stationary.[8] In fact, they were being pushed by Kroger employees which allegedly caused Hennis' fall.[9] The submissions, including a video of the incident, create genuine issues of fact as to whether Kroger was at fault in causing Hennis' fall. Therefore, Kroger's Motion for Summary Judgment is **DENIED**.

It is not necessary to address the issues in Hennis' Motion to Strike[10] because, even considering the contested affidavit of Marion Marks, Hennis is able to create a genuine issue of fact as to the fault of Kroger.[11]

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Kroger's Motion for Summary Judgment [Doc. No. 16] is **DENIED** and Hennis' Motion to Strike [Doc. No. 21] is **DENIED AS MOOT**.

**MONROE, LOUISIANA**, this 7th day of May, 2025.

_____
**TERRY A. DOUGHTY, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[8] [Id. at 2].
[9] [Id. at 2–4].
[10] [Doc. No. 21].
[11] *See Turner v. Baylor Richardson Med. Ctr.*, No. CIV.A. 303CV2139P, 2005 WL 1313414, at *13 (N.D. Tex. May 31, 2005), *aff'd*, 476 F.3d 337 (5th Cir. 2007) ("Because the Court does not rely on [this evidence] in its conclusion of the summary judgment motion, the Court hereby DENIES these objections as MOOT.").